UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

M.H., *on behalf of L.T.*,

                          **Plaintiff,**

  vs.                                                1:22-CV-665
                                                          (MAD/DJS)

**KINGSTON CITY SCHOOL DISTRICT,**
**and DR. PAUL PADALINO,** *in his representation*
*and official capacity as the Superintendent of the*
*Kingston City School District*,

                          **Defendants.**
_____

APPEARANCES:                                   OF COUNSEL:

**M.H.**
81 Brewster Street
Kingston, New York 12401
*Pro Se* on behalf of her Plaintiff child L.T.

**SILVERMAN & ASSOCIATES**            **CAROLINE B. LINEEN, ESQ.**
445 Hamilton Avenue, #1102             **GERALD S. SMITH, ESQ.**
White Plains, New York 10601
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On June 22, 2022, M.H. on behalf of her Plaintiff child L.T. filed this action under the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act ("Section 504"), 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983, against Defendants Kingston City School District ("KCSD") and Dr. Paul Padalino. *See* Dkt. No. 1. Specifically, Plaintiff alleges deprivation of rights secured by these statutes and seeks declaratory and injunctive relief. *See id.* at ¶¶ 10, 11, 16.

1

Currently before the Court is Defendants' unopposed motion to dismiss. *See* Dkt. No. 11. Defendants argue that (1) Plaintiff cannot represent her daughter *pro se*; (2) Plaintiff's claims for declaratory and injunctive relief under the IDEA and Section 504 should be dismissed because Plaintiff's claims are moot and Plaintiff has failed to exhaust her remedies; (3) Plaintiff failed to state a claim for discrimination under Section 504; (4) Plaintiff's claims against Defendant Padalino should be dismissed; and (5) claims based on actions that occurred prior to June 22, 2020 are time barred. For the reasons set forth below, the motion to dismiss is granted.

## II. DISCUSSION

### A.   Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is

entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id.* at 570.

"'When … the Court is presented with an unopposed motion, it may not find for the moving party without reviewing the record and determining whether there is sufficient basis for granting the motion.'" *Haidon v. Budlong & Budlong, LLC*, 318 F. Supp. 3d 568, 574-75 (W.D.N.Y. 2018) (quoting *Emerson v. Comm'r of Soc. Sec.*, No. 12 Civ. 6451, 2014 WL 1265918, *9 (S.D.N.Y. Mar. 27, 2014)). "It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quotation and citations omitted).

**B. Argument**

Defendants raise the issue of whether L.T. may be represented *pro se* by M.H., her parent. *See* Dkt. No. 11-3 at 4. The Second Circuit has stated that

> a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear *pro se* is

3

> not a true choice for minors who under state law, *see* Fed. R. Civ. P. 17(b), cannot determine their own legal actions. There is thus no individual choice to proceed *pro se* for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others.

*Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). In *Cheung*, the Second Circuit "remand[ed] to give [Plaintiff] an opportunity to retain counsel or to request the appointment of counsel … If [Plaintiff] d[id] not retain counsel and if the district court decline[d] to appoint counsel, the complaint should be dismissed without prejudice." *Id.* at 62. "However, a parent has an independent enforceable right under the IDEA and may pursue a claim on her own behalf." *Doe v. E. Lyme Bd. of Educ.*, 962 F.3d 649, 654 (2d Cir. 2020); *see also Winkelman ex rel. Winkelman v. Parma City Sch. Dist.,* 550 U.S. 516, 527-29 (2007).

Here, the complaint lists Plaintiff as "L.T. by M.H." Dkt. No. 1 at 1. M.H. does not purport to be an attorney. *See id.* at ¶¶ 13-17, 29. Therefore, Plaintiff's claims under Section 504 must be dismissed without prejudice. With respect to Plaintiff's claims under the IDEA, they must also be dismissed to the extent M.H. seeks so assert a claim on L.T.'s behalf. Although the complaint also alleges violations of the IDEA with respect to M.H.'s rights, *see*, *e.g.*, *id.* at ¶ 37, it is not clear whether M.H. seeks to assert an independent claim on her own behalf. As such, M.H. must retain counsel for those claims raised on behalf of L.T., and if she intends to raise IDEA claims on her own behalf, amend the complaint to make that clear.

"'Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'" *See*

4

*Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quotation omitted).  Accordingly, Plaintiff's claims are dismissed with leave to amend within thirty days of this order.[1]

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 11) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with leave to amend**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint within THIRTY (30) DAYS of the filing date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within THIRTY (30) DAYS of this Memorandum-Decision and Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: February 1, 2023
          Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] Having dismissed Plaintiff's claims, the Court declines to address Defendants' additional arguments.